AF Approval ⟨signature⟩                    Chief Approval ⟨signature⟩

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 8:17-cr-57-T-36MAP

HERMENEGILDO DIAZ-ANTUNEZ

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by W. Stephen Muldrow, Acting United States Attorney for the Middle District of Florida, and the defendant, HERMENEGILDO DIAZ-ANTUNEZ, and the attorney for the defendant, Tamara Thiess, mutually agree as follows:

**A.    Particularized Terms**

    1.    Count(s) Pleading To

    The defendant shall enter a plea of guilty to Count One of the Indictment.  Count One charges the defendant with being a felon-alien found in the United States without permission after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(1).

    2.    Maximum Penalties

    Count One carries a maximum sentence of 10 years' imprisonment, a fine of $250,000.00, a term of supervised release of not more

Defendant's Initials ⟨handwritten⟩

than 3 years, and a special assessment of $100 per felony count for individuals. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

3. Elements of the Offense(s)

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One are:

First: The defendant was an alien at the time stated in the indictment;

Second: The defendant had previously been deported from the United States;

Third: The defendant was, thereafter, found to be voluntarily back in the United States; and

Fourth: The defendant had not received the consent of the Secretary for the Department of Homeland Security to apply for readmission to the United States.

4. No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the

United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

    5.    Acceptance of Responsibility - Three Levels

        At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

        Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot

Defendant's Initials _MDA_                3

and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

      6.    <u>Cooperation - Substantial Assistance to be Considered</u>

         Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require.  If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG §5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both.  If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation

Defendant's Initials H DA       4

qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b). In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

       7.     <u>Use of Information - Section 1B1.8</u>

       Pursuant to USSG §1B1.8(a), the United States agrees that no self-incriminating information which the defendant may provide during the course of defendant's cooperation and pursuant to this agreement shall be used in determining the applicable sentencing guideline range, subject to the restrictions and limitations set forth in USSG §1B1.8(b).

       8.     <u>Cooperation - Responsibilities of Parties</u>

       a.     The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime. However,

Defendant's Initials H D A       5

the defendant understands that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

        b.    It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

        (1)    The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

        (2)    The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and may either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement. With regard to such charges, if any, which have been dismissed, the defendant, being fully aware of the nature of all such charges now pending in the instant case, and being further aware of defendant's rights,

Defendant's Initials __V D A__      6

as to all felony charges pending in such cases (those offenses punishable by imprisonment for a term of over one year), to not be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the indictment of a grand jury, does hereby agree to reinstatement of such charges by recision of any order dismissing them or, alternatively, does hereby waive, in open court, prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case, pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(3)    The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this agreement, the United States agrees to forego, and the defendant agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4)    The government may use against the defendant the defendant's own admissions and statements and the information and books,

papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

(5)    The defendant will not be permitted to withdraw the guilty pleas to those counts to which defendant hereby agrees to plead in the instant case but, in that event, defendant will be entitled to the sentencing limitations, if any, set forth in this plea agreement, with regard to those counts to which the defendant has pled; or in the alternative, at the option of the United States, the United States may move the Court to declare this entire plea agreement null and void.

9.    Fast-Track Program

To be considered for possible entry into the United States Attorney's Office, Middle District of Florida Illegal Reentry Fast-Track Program, the defendant agrees to the following:

a.    The defendant agrees that the factual basis contained in the instant Plea Agreement accurately and completely reflects his or her offense conduct and stipulates to the facts related to his prior conviction(s) and removal;

b.    The defendant waives his right to file any and all pretrial motions described in Fed. R. Crim. P. 12(b)(3);

Defendant's Initials H D A          8

c.     The defendant agrees to waive the right to move for a downward departure on any ground pursuant to the United States Sentencing Guidelines or argue for a variance on any ground under 18 U.S.C. § 3553(a);

d.     The defendant agrees to waive the right to appeal his or her conviction or to challenge it collaterally on any ground, except on the issue of ineffective assistance of counsel;

e.     The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a); and,

    f.  The defendant agrees that (s)he shall not re-enter the United States unless the defendant obtains the express consent of the Secretary of the Department of Homeland Security to reapply for admission to the United States.

    10. <u>Fast-Track Departure</u>

    Pursuant to Fed. R. Crim. P. 11(c)(1)(B), at the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, including, for example, the defendant's ineligibility to participate in the Middle District of Florida Fast-Track Program, the United States will recommend to the Court that the defendant receive a four level downward departure from the defendant's total offense level as calculated by the Court.  If the defendant has a criminal history category VI, the United States will recommend to the Court that the defendant receive a two level downward departure from the defendant's total offense level as calculated by the Court.  The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

    The defendant understands that the determination as to whether the defendant qualifies for participation in United States Attorney's Office, Middle District of Florida, Fast-Track Program, rests solely with the United

Defendant's Initials H D A   10

States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

Pursuant to the Middle District of Florida Fast-Track Program, any of the following factors shall disqualify a defendant from participation in the Fast-Track Program:

a.      Defendants who have been previously deported after any of the following convictions:

> (1)     A drug trafficking offense for which the sentence imposed exceeded five years, as defined by USSG § 2L1.2, comment. (n.1(B)(iv));
>
> (2)     A crime of violence, as defined by USSG § 2L1.2, comment. (n.1(B)(iii));
>
> (3)     A firearms offense, as defined by USSG § 2L1.2, comment. (n. 1(B)(v));
>
> (4)     A child pornography offense, as defined by USSG § 2L1.2, comment. (n.1(B)(ii));
>
> (5)     A national security or terrorism offense, as defined by USSG § 2L1.2, comment. (n.1(B)(viii));

(6)    A human trafficking offense, as defined by USSG

§ 2L1.2, comment. (n.1(B)(vi)); or,

(7)    An alien smuggling offense, as defined by USSG

§ 2L1.2, comment. (n.1(B)(i).

b.    Defendants who have been previously convicted of illegal reentry under 8 U.S.C. § 1326.

c.    Defendants who have been previously deported from the United States three or more times.

d.    Defendants who have previously participated in a fast-track program.

e.    Defendants who are under any form of court or correctional supervision.

f.    Any other exceptional circumstances, as determined by the United States Attorney for the Middle District of Florida.

11.    <u>Removal - Consent and Cooperation</u>

The defendant agrees and consents to removal from the United States following completion of the defendant's sentence and agrees to waive the defendant's rights to any and all forms of relief from removal or exclusion. The defendant further agrees to abandon any pending applications for relief

from removal or exclusion, and to cooperate with the Department of

Homeland Security during removal proceedings.

**B.   Standard Terms and Conditions**

      1.   Restitution, Special Assessment and Fine

      The defendant understands and agrees that the Court, in addition

to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution

to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses

described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant

to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. §

3663, including restitution as to all counts charged, whether or not the

defendant enters a plea of guilty to such counts, and whether or not such

counts are dismissed pursuant to this agreement.  The defendant further

understands that compliance with any restitution payment plan imposed by

the Court in no way precludes the United States from simultaneously pursuing

other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)),

including, but not limited to, garnishment and execution, pursuant to the

Mandatory Victims Restitution Act, in order to ensure that the defendant's

restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing.

The defendant understands that this agreement imposes no limitation as to fine.

2.    Supervised Release

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.    Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4.    Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant

factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

   5.   Financial Disclosures

        Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United

States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

     6.    <u>Sentencing Recommendations</u>

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any

Defendant's Initials  H D A      16

recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement.  The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7.    Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

Defendant's Initials  HDR            17

8.    Middle District of Florida Agreement

It is further understood that this agreement is limited to the
Office of the United States Attorney for the Middle District of Florida and
cannot bind other federal, state, or local prosecuting authorities, although this
office will bring defendant's cooperation, if any, to the attention of other
prosecuting officers or others, if requested.

9.    Filing of Agreement

This agreement shall be presented to the Court, in open court or
in camera, in whole or in part, upon a showing of good cause, and filed in this
cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.    Voluntariness

The defendant acknowledges that defendant is entering into this
agreement and is pleading guilty freely and voluntarily without reliance upon
any discussions between the attorney for the government and the defendant
and defendant's attorney and without promise of benefit of any kind (other
than the concessions contained herein), and without threats, force,
intimidation, or coercion of any kind.  The defendant further acknowledges
defendant's understanding of the nature of the offense or offenses to which
defendant is pleading guilty and the elements thereof, including the penalties
provided by law, and defendant's complete satisfaction with the representation

and advice received from defendant's undersigned counsel (if any).  The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement.  The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.   Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set

forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

FACTS

HERMENEGILDO DIAZ-ANTUNEZ, a/k/a "Juan Carlos," is a native and citizen of Mexico born on April 13, 1969.  On or about December 13, 2005, DIAZ-ANTUNEZ was convicted of a felony (Possession of Marijuana) in Manatee County, Florida.  *See State of Florida v. Juan Carlos*, Case No. 2005-CF-1416 (Circuit Court of Manatee County, Florida). Thereafter, on or about July 29, 2013, DIAZ-ANTUNEZ was deported from the United States.

After his deportation, at a time and place other than as designated by immigration officers, DIAZ-ANTUNEZ re-entered the United States.  On or about December 14, 2016, the National Criminal Analysis and Targeting Center ("NCATC") notified United States Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations ("ERO") that DIAZ-ANTUNEZ—a known previously-deported alien—was living in Bradenton, Florida.  Relying on the NCATC's tip, on or about January 24, 2017, ICE-ERO officers found DIAZ-ANTUNEZ at his residence in Bradenton, Florida, which is within the Middle District of Florida, and arrested him.

Defendant's Initials **HDA**          20

Post-*Miranda* (which had been administered in Spanish), DIAZ-ANTUNEZ admitted that he was a Mexican citizen and, further, that he had voluntarily reentered the United States without permission after deportation. These admissions, *inter alia*, are consistent with the information contained in DIAZ-ANTUNEZ's Alien File ("A-File").

Fingerprints taken of DIAZ-ANTUNEZ were then submitted through the Integrated Automated Fingerprint Identification System ("IAFIS") and compared with those taken prior to his removal from the United States.  The IAFIS indicates that they belong to the same person.

No information exists, either in DIAZ-ANTUNEZ's A-File or the immigration computer databases, to show that DIAZ-ANTUNEZ had either requested or received permission from the Attorney General, the Secretary for the Department of Homeland Security, or any other immigration official to reenter the United States after his deportation.

12.   Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials HDA          21

13.    Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this _30th_ day of _March_ 2017.

W. STEPHEN MULDROW
Acting United States Attorney

_Hermenegildo Diaz Antunez_
Hermenegildo Diaz-Antunez
Defendant

Kristen A. Fiore
Assistant United States Attorney

_Tamara Theiss_
Tamara Theiss
Attorney for Defendant

Stacie B. Harris
Assistant United States Attorney
Chief, Major Crimes Section